Stephen M. DEANE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 24S00–0009–CR–557.

Supreme Court of Indiana.

Nov. 27, 2001.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Stephen M. Deane appeals his conviction and sentence for murder and attempted murder. He presents two issues:

I. Whether the prosecutor's comments during closing argument regarding Deane's post-*Miranda* request for counsel were improper, and

II. Whether the trial court found adequate aggravating circumstances to support Deane's enhanced and consecutive sentences.

### Facts and Procedural History

On July 22, 1999, forty-seven-year-old Stephen Deane went to the home of his mother Barbara Deane and brother Greg Deane in Laurel, Indiana. Barbara had

been living with her forty-two-year-old son Greg for about two months because he was schizophrenic and depressed.

Deane arrived at about 9:30 p.m., came into the house, and sat at the kitchen table. After ten minutes of routine conversation, Deane left and returned a few moments later with two or three cans of beer and a revolver. Deane told Barbara and Greg that they were crazy and that when he finished his beer he was "going to end all our pain." Greg then stood up quickly from the table, and Deane shot him in the head from a few feet away. In response, Barbara stood up and Deane shot her from approximately the same distance, striking her in the arm and upper chest.

Paramedics arrived on the scene and found Greg bleeding from the head from the gunshot wound. He died the following day.

Subsequent investigation yielded no physical evidence to link Deane to the crime. Police found no beer cans at the residence in Laurel, and while a copper jacket from a bullet was recovered from the kitchen table, the gun used in the shooting was never recovered.

Deane was found guilty of murdering his brother and attempting to murder his mother. The trial court sentenced him to the presumptive fifty-five-year term for murder, enhanced by ten years due to aggravating circumstances. It also sentenced him to thirty years for attempted murder and ordered the sentences served consecutively.

## I. Prosecutor's References to Deane's Request for Counsel

Deane seeks reversal based on the prosecutor's closing argument, during which he twice referred to Deane's request for a lawyer while recounting Deane's statement to police.[1] Deane's attorney did not object to the prosecutor's comments. Failure to object to improper prosecutorial remarks during trial results in a waiver on appeal. *Heavrin v. State*, 675 N.E.2d 1075, 1082 (Ind.1996).

Deane attempts to circumvent waiver by alleging fundamental error. He argues that the federal and state constitutions prohibit a prosecutor from inviting jurors to infer guilt from an accused's exercise of his constitutional rights. (Appellant's Br. at 11–12.)

1. The prosecutor first pursued this reasoning in his closing argument:

> Put yourself in that position and ask yourself what you would do if someone c[ame] and t[old] you that your mother and your brother had been shot, and the[y're] wanting to question you about it. He never denied it though, there's that. Also, it was much later when he was finally down at the police department [and] asked for an attorney, but then he continued on talking, and if you ask for an attorney and you continue to talk, that's your business. Only sometime after that did he finally then ask about what kind of shape his mother and brother were in. What do you make of it, that's up to you.

(R. at 714–15.) The prosecutor returned to this theme in his rebuttal argument:

> There's no motive that I know of that's out there that exist[s] to kill another human being, take a life. But look what you've got, and you've got to look in p[er]spective, look at—and the key thing ... you've got to look at is that initial statement when Mike Spurlock talked to him. Look at that, he never denied it. He didn't even ask—wheels are turned. He's told he's a suspect in a crime on shooting his mother and his brother. He's told that. The mind's working and after about—he wants an attorney right away, and after about three pages of testimony he decides to [ask] how are they? Show surprise? Didn't show any, wasn't hysterical. He wasn't in shock. Immediately, how is my mom? How's my brother, wheels are turning?

(R. at 727–28.)

The 'fundamental error' doctrine permits an appellate tribunal to address an error not otherwise preserved for review if the error appears plainly on the face of the record and is of such consequence that it denied defendant due process. *Rowley v. State*, 442 N.E.2d 343 (Ind.1982). "To rise to the level of fundamental error, the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Maul v. State*, 731 N.E.2d 438, 440 (Ind.2000) (citations and internal quotations omitted).

In *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the U.S. Supreme Court held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings violated the Due Process Clause of the Fourteenth Amendment." Recognizing the rule set forth in *Doyle*, we prohibit prosecutors from using a defendant's post-*Miranda* silence for impeachment purposes. *Jones v. State*, 265 Ind. 447, 451, 355 N.E.2d 402, 405 (1976).

As the Seventh Circuit has held, "we must look at the circumstances in which a criminal defendant's post-arrest silence or request for counsel is revealed in court in order to determine whether the purposes underlying the rule in *Doyle* have been undermined." *Lindgren v. Lane*, 925 F.2d 198, 202 (7th Cir.1991). "The rule prevents prosecutors from introducing evidence of a defendant's post-arrest silence [or request for counsel] because permitting such evidence to come before a jury would serve only to undermine the exercise of a constitutional right." *Id.* The rule does not bar any mention of a defendant's right to request counsel, but instead "guards against the exploitation of that right by the prosecutor." *Id.*

Here, the prosecutor's comments seemed aimed at showing the jury how much time elapsed before Deane finally inquired about his family's welfare. The reference did not appear directed to Deane's response to a *Miranda* advisement, but to the priority Deane gave to learning the condition of his immediate family members.

Moreover, Deane's counsel first introduced testimony regarding Deane's request for an attorney.[2] The reiteration of facts already before the jury does not place a defendant in grave peril. *Beland v. State*, 476 N.E.2d 843 (Ind.1985).

In sum, the record does not reveal a clear, blatant violation of basic and elementary principles of due process.

## II. Lack of Remorse in Sentencing

Deane next contends that the court improperly considered lack of remorse as an aggravating circumstance. (Appellant's Br. at 16.)

In considering the sentence, the court found two mitigating circumstances: (1) hardship on Deane's son and (2) Barbara Deane's expression of forgiveness and request for leniency. The court also found

---

2. During the trial, Deane's attorney asked Indiana State Police Detective Michael Spurlock on cross-examination whether Deane had asked why he was in jail during an interview conducted after his arrest. (R. at 372.) Dean's counsel also asked Detective Spurlock if Deane had stated during that interview that he had done nothing wrong. (*Id.*) On redirect, the prosecutor asked Detective Spurlock if Deane had denied the shooting when Detective Spurlock conducted the interview. (R. at 380.) On re-cross examination, Deane's trial counsel asked if Deane had requested an attorney. (*Id.*) Detective Spurlock replied that Deane had requested an attorney, but that Deane continued to talk to him without an attorney present. (R. 380.)

two aggravating circumstances: (1) prior criminal history and (2) Deane's complete lack of remorse with regard to his demeanor and his state of disdain for the entire legal system.

■■ We review trial court sentencing decisions only for abuse of discretion, including decisions to increase the presumptive sentence or to run sentences consecutively due to aggravating circumstances. *Trowbridge v. State*, 717 N.E.2d 138 (Ind. 1999). This Court will not revise a legislatively authorized sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Gibson v. State*, 702 N.E.2d 707 (Ind.1998).

■ Deane first argues that lack of remorse is an inappropriate aggravator where such a finding is based on a defendant's denial of guilt and the evidence against him is uncorroborated testimony. (Appellant's Br. at 17–19.) In support of this argument, he cites *Dockery v. State*, 504 N.E.2d 291 (Ind.Ct.App.1987). In *Dockery*, however, "the finding of lack of remorse was based solely on Dockery's persistent denial of his guilt." *Id.* at 297. In this case, the court based its finding of lack of remorse on "his demeanor today, his reference of record, [and] his state of dis[d]ain for the whole system," not solely on his denial of the crime. (R. at 805.)

To support this finding, the court referred to Deane's affront to the prosecutor and disrespect for the proceedings. Deane called the prosecutor a "prick" in open court and stated that he had been "persecuted" by the trial court. (R. at 789, 793.) Moreover, while Deane maintained his innocence, as he is entitled to do, he expressed no regret or appreciation of the tragedy that had occurred, regardless of who was culpable.

■ Lack of remorse is a proper factor to consider in imposing a sentence. *Brooks v. State*, 497 N.E.2d 210, 221 (Ind.1986)(citing *Mullens v. State*, 456 N.E.2d 411 (Ind.1983)). In light of the circumstances identified by the court, it was not an abuse of discretion to consider lack of remorse as an aggravating factor.

■ Deane next argues that "lack of remorse by a defendant who insists upon his innocence is to be regarded only as a modest aggravator." *Bacher v. State*, 686 N.E.2d 791, 801 (Ind.1997)(citing *Owens v. State*, 544 N.E.2d 1375, 1379 (Ind.1989)). Thus, he says, the trial court erred in granting the defendant's lack of remorse "great weight." (Appellant's Br. at 18.)

The court did not base the sentence upon this aggravator alone. The court also supported its sentencing decision by its finding that Deane had a prior criminal history, including five alcohol-related convictions, four drug-related convictions, resisting law enforcement, and intimidation.

■ We frequently say a single aggravating circumstance may be sufficient to support the imposition of an enhanced sentence. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). This does not mean that any single aggravator will suffice in all situations. A non-violent misdemeanor ten years in the past, for example, would hardly warrant adding ten or twenty years to the standard sentence.

Here, however, Deane's prior criminal record is substantial. Even if we thought the trial court erred in giving Deane's lack of remorse "great weight" under the facts of this case, we would still conclude that imposing the enhanced and consecutive sentences survives the manifestly unreasonable test.

## Conclusion

We affirm the decision of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.