**Larry Michael CARAWAY,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 47A01–1104–CR–162.

Court of Appeals of Indiana.

Nov. 17, 2011.

Transfer Denied Feb. 29, 2012.

---

848

Lorinda Meier Youngcourt, Lawrence County Public Defender, Bedford, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Katherine Modesitt Cooper, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BROWN, Judge.

Larry Michael Caraway appeals his sentence for murder.[1] Caraway raises two issues, which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing him; and

II. Whether his sentence is inappropriate in light of the nature of the

---

1. Ind.Code § 35–42–1–1 (Supp.2007).

offense and the character of the offender.

We reverse and remand.

The relevant facts follow. On October 7, 2009, Caraway shot Denise Caraway, his wife of almost twenty-six years, seven times resulting in her death in their home in Lawrence County, Indiana. That day, Caraway had been drinking "very heavily," having consumed "15–18 beers" by about 4:00 pm, then drinking "a few beers and some Jagermeister" at another bar, then drinking "a couple of beers when [he] got home." Appellant's Appendix at 58. Caraway also "ate 4 Valiums at 4:10 pm" on the day he killed Denise. *Id.*

On October 9, 2009, Caraway was charged with Count I, murder; and Count II, altering the scene of death as a class D felony. On April 6, 2010, Caraway and the State filed a plea agreement in which the State agreed to dismiss Count II in exchange for his guilty plea. After a number of continuances, on February 11, 2011, the trial court took Caraway's guilty plea, and in doing so instructed him that the sentencing range for murder is forty-five to sixty-five years, with fifty-five years being the advisory sentence and forty-five years being a non-suspendible minimum.

On March 8, 2011, the court held a sentencing hearing and identified Caraway's criminal history consisting mainly of alcohol-related incidents as an aggravating circumstance because it considered his drinking on the night of the incident to have "aggravated the whole evening" and that it "was probably part of the main reason this occurred," and therefore it directly related to this crime. Transcript at 26. The court also identified Caraway's position of trust with his wife and the nature and circumstances of the crime, in which Denise was shot "several times in the stomach, once in the face, and once ... in the arm," at close range by a person

"she loved behind the weapon," which the court found "very disturbing," as aggravators. *Id.* at 28. The court found as a mitigator that Caraway showed some remorse, found that the aggravators clearly outweighed the mitigators, and sentenced him to sixty-five years in the Department of Correction.

## I.

The first issue is whether the court abused its discretion in sentencing Caraway. A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Anglemyer v. State,* 868 N.E.2d 482, 490–491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007). If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

Caraway challenges the court's consideration of both the: (A) aggravators; and (B) mitigators.

### A. *Aggravators*

In challenging the aggravators as identified by the court, Caraway presents arguments related to the following aggravators: (1) the nature and circumstances of the

crime; (2) his criminal history; and (3) his abuse of alcohol and failure to seek treatment. We address each of Caraway's arguments separately.

### 1. *Nature and Circumstances of the Crime*

■ Caraway argues that "[t]he record does not support the court's finding that the shots were fired at close range" and that "with no support in the record, the court speculated as to how long Denise remained alive after being shot." Appellant's Brief at 11. The State argues that Caraway's "claim that the trial court relied on facts not supported by the record is merely an attempt to deflect attention away from the gravity of his crime," and that "the court referred to the totality of the circumstances surrounding [his] crime." Appellee's Brief at 9.

■ In *Plummer v. State*, 851 N.E.2d 387, 391 (Ind.Ct.App.2006), we held that "[a]lthough a trial court may not use a material element of the offense as an aggravating circumstance, it may find the nature and circumstances of the offense to be an aggravating circumstance." *See also* Ind.Code § 35–38–1–7.1(a)(1). When a sentence is enhanced based upon the nature and circumstances of the crime, however, "the trial court must detail why the defendant deserves an enhanced sentence under the particular circumstances." *Plummer*, 851 N.E.2d at 391; *see also Pedraza v. State*, 887 N.E.2d 77, 80 n. 2 (Ind.2008) (noting that "a maximum burglary sentence based solely on the opening of an unlocked screen door would be much less appropriate than one committed by obliterating a locked wooden door with a battering ram"); *Filice v. State*, 886 N.E.2d 24, 38 (Ind.Ct.App.2008) ("[T]he nature and circumstances of a crime can be a valid aggravating factor.") (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind.2001)), *trans. denied.*

The court, in finding the nature and circumstances of the crime as an aggravator, stated:

> She was shot seven (7) times. The Probable Cause Affidavit says, and I apologize to be descriptive, several times in the stomach, once in the face, and once, I believe in the arm. I don't know the order in which that occurred, but clearly, depending on the caliber of the weapon, I don't know how long she had to live through that. We don't know if it was quickly or slowly, but that's, obviously the Court can take that—I don't know if I want to say that it's heinous, but it's, it's very disturbing that she had to go that way, obviously, at close range with someone she loved behind the weapon, so I am finding that the nature and circumstances of the crime under [Ind.Code § ] 35–38–1–7.1 is an aggravator as well.

Transcript at 28.

We find that this aggravator was primarily based upon the fact that Caraway shot Denise seven times. To the extent that Caraway suggests that the court improperly speculated on how long Denise lived after being shot, we note that the Court expressly stated that it did not know whether she died quickly or slowly. Also, regarding Caraway's argument about the range at which she was shot, we note that it is undisputed that the shooting occurred within their home. We cannot say that the trial court abused its discretion by considering the nature and circumstances of the offense as an aggravator.

### 2. *Criminal History*

■ Caraway argues that "[t]he trial court's explanation for finding [his] prior criminal history of alcohol related offenses aggravating is strained" because "[t]he Su-

preme Court and [t]his Court have both held repeatedly that a criminal history of insufficient gravity cannot support a maximum sentence." Appellant's Brief at 12. Caraway argues:

> [He] has only one prior conviction which was not alcohol related: a 1980 conviction for conversion, a class A misdemeanor (30 years old). Every other arrest and conviction is alcohol related. He had no prior history of any crime of violence. All but one of [his] convictions [were] misdemeanor alcohol related offenses, excepting one class D felony driving while intoxicated.

*Id.* The State argues that Caraway "is a 48–year–old convicted felon with a criminal history spanning thirty years," that his "criminal history is directly related to his present crime" due to his admission "that he drank heavily before he killed his wife," that he "abused alcohol for decades despite multiple opportunities to seek treatment following his past convictions," and that "[e]ven a limited criminal history may be considered as an aggravating factor." Appellee's Brief at 8–9.

The significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *Wooley v. State,* 716 N.E.2d 919, 929 n. 4 (Ind.1999), *reh'g denied.* For example, a "non-violent misdemeanor ten years in the past ... would hardly warrant adding ten or twenty years to the standard sentence" in a murder case. *Deane v. State,* 759 N.E.2d 201, 205 (Ind.2001).

At sentencing, the court stated that Caraway's criminal history deserved aggravating weight because "it does directly relate to this crime based on [his] statement in the Pre–Sentence Report that [he was] drinking very heavily that night." Transcript at 26. The court noted that alcohol "clearly ... aggravated the whole evening," and that it "was probably part of the main reason that this occurred." *Id.* In finding Caraway's criminal history to be an aggravator, the court reviewed the presentence investigation report, in which Caraway stated that he "was drinking very heavily the night of the offense," that he doesn't "remember the offense," and that "[t]his shows what alcohol and drugs will do." Appellant's Appendix at 57–58.

Caraway's criminal history includes numerous alcohol-related convictions: a D.W.I. conviction as a class A misdemeanor in 1980, O.W.I. convictions as class A misdemeanors in 1998 and 1999, an O.W.I. conviction as a class D felony in 2003, and convictions for public intoxication as class B misdemeanors in 1989 and 1999, as well as a conviction for possession of marijuana as a class A misdemeanor in 1982. Caraway's criminal history also includes convictions for theft as a class A misdemeanor, driving while suspended as a class C misdemeanor, resisting law enforcement as a class A misdemeanor, fleeing as a class A misdemeanor, and illegal consumption as a class C misdemeanor.

Based upon our review of the record, including Caraway's admission that his abuse of alcohol played a part in the shooting, we cannot say that the trial court abused its discretion in considering Caraway's criminal history as an aggravating factor.

### 3. *Alcohol Abuse and Failure to Seek Treatment*

■ Caraway argues that the court erred when it identified his alcoholism as an aggravator and that we should "find his history of alcohol addiction mitigating when reviewing and revising his sen-

tence."[2] Appellant's Brief at 8. He argues that if this history "is not given mitigating weight, then it should offset the aggravating nature of his criminal history, which consists entirely of alcohol-related offenses...." *Id.* Caraway argues that his "failure to pursue treatment for his alcohol abuse should not be given aggravating weight" because "the record shows that [he] like many alcoholics was blind to his alcohol abuse problem and, consequently, was unable to pursue treatment for his addiction." *Id.*

The State argues that "[t]o the extent that [he] now claims this Court should 'offset' his criminal history with his history of alcohol abuse, that claim is not available to him on appellate review." Appellee's Brief at 8. The State further asserts that "the record contradicts [Caraway's] self-serving and disingenuous claim that he was 'blind' to his alcoholism and 'unable to pursue treatment' for it," noting that he "expressed awareness of his alcohol abuse: '[T]his shows what alcohol and drugs will do.' " *Id.* at 7–8.

We are not persuaded by Caraway's argument that he was "blind" to his alcoholism and was therefore unable to pursue treatment, and that consequently it was an abuse of discretion for the court to find his alcohol abuse and failure to seek treatment as an aggravator. In making this argument, Caraway highlights a remark he made to his probation officer and recorded in his presentence investigation report that he "never considered [himself] an alcoholic." Appellant's Appendix at 58. However, immediately preceding this remark, Caraway stated:

> I started drinking when I was 17 years-old. I got arrested several times. I was drinking daily for probably 30 years. I would drink, on average, 12 beers a day. It depended on how much money I had. When I was first married and we had kids, we were poor. As I got older, I was better financed.

*Id.* Caraway also remarked that "[i]t probably wouldn't hurt to take a class or a course on substance abuse when I get to prison." *Id.*

While Caraway recognized that his use of alcohol led to his multiple convictions, he chose not to seek treatment. We therefore conclude that the court did not err in finding Caraway's alcohol abuse and failure to obtain treatment to be an aggravator. *Bryant v. State,* 802 N.E.2d 486, 501 (Ind.Ct.App.2004) (noting that "the record demonstrates that Bryant was aware of his drug and alcohol problem, yet he had not taken any positive steps to treat his addiction," and holding that "the trial court did not err in determining that his substance abuse was an aggravating factor") (citing *Bennett v. State,* 787 N.E.2d 938, 948 (Ind. Ct.App.2003) (holding that the defendant's alcoholism could properly have been considered an aggravating circumstance), *trans. denied; Hornbostel v. State,* 757 N.E.2d 170, 184 (Ind.Ct.App.2001) (recognizing that drinking is not to be considered a mitigating circumstance), *trans. denied* ), *trans. denied; see also Bennett,* 787 N.E.2d at 948 (noting that the defendant did not make argument demonstrating why his alcoholism should have been considered a mitigator and that indeed, it could have been considered an aggravator because he "was aware that he had an alcohol problem and never sought help for it").

Also, to the extent that Caraway suggests that if we do not assign his alcohol-

---

**2.** Caraway makes this argument in the section of his brief pertaining to Ind. Appellate Rule 7(B), discussed above.

ism mitigating weight "it should offset the aggravating nature of his criminal history, which consists entirely of alcohol-related offenses," we note that he does not cite to authority for this proposition. Moreover, this argument is akin to a request that we reexamine the relative weight or value of the aggravators and mitigators assigned by the trial court, which is a request not available on review to this court. *Anglemyer*, 868 N.E.2d at 490–491.

## B. *Mitigators*

■ Having determined that the court did not identify an improper aggravator, we turn to Caraway's argument that the court abused its discretion by imposing the maximum sixty-five year sentence without acknowledging that Caraway pled guilty. The State argues that Caraway's "contention that the trial court abused its discretion when it did not recognize his guilty plea as a mitigating factor is without merit" because "the record shows that [he] did not plead guilty out of remorse or to accept responsibility for his actions" as demonstrated by the fact that he initially "lied and told officers that [Denise] shot herself multiple times" and that "[d]espite overwhelming evidence of guilt, [he] did not plead guilty to his crime until sixteen months after he murdered his wife." Appellee's Brief at 6.

■ Trial courts should be "inherently aware of the fact that a guilty plea is a mitigating circumstance." *Francis v. State*, 817 N.E.2d 235, 237 n. 2 (Ind.2004). "[A] defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Id.* (quoting *Scheckel v. State*, 655 N.E.2d 506, 511 (Ind. 1995) (quoting *Williams v. State*, 430 N.E.2d 759, 764 (Ind.1982), *appeal dismissed*, 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47 (1982), *reh'g denied*, 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 626 (1982))); *see also Cotto v. State*, 829 N.E.2d 520, 525 (Ind.2005) ("A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character."). Even when a defendant does not specifically argue that his guilty plea should be considered in mitigation, the defendant may subsequently argue on appeal that the trial court abused its discretion in failing to find the plea as a mitigating factor. *Anglemyer Rehearing*, 875 N.E.2d at 220.

■ We recognize that a guilty plea is not always a significant mitigating circumstance. *See Primmer v. State*, 857 N.E.2d 11, 16 (Ind.Ct.App.2006), *trans. denied*. A plea's significance is reduced if it is made on the eve of trial, if the circumstances indicate the defendant is not taking responsibility for his actions, or if substantial admissible evidence exists against the defendant. *Id.* Also, the plea may not be significant "when the defendant receives a substantial benefit in return for the plea." *Anglemyer Rehearing*, 875 N.E.2d at 221 (citing *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999)). However, because of the inherent mitigating nature of a guilty plea, we have recognized that a trial court "generally should make some acknowledgment of a guilty plea when sentencing a defendant." *Hope v. State*, 834 N.E.2d 713, 718 (Ind.Ct.App.2005).

Taking into account that the court sentenced Caraway to the maximum term of sixty-five years, we find that the court abused its discretion when it failed to acknowledge Caraway's guilty plea. Although Caraway received a small benefit in pleading guilty when the State agreed to dismiss Count II, altering the scene of death as a class D felony, we find this benefit insignificant when compared to the prison term Caraway was facing due to the murder charge. Also, despite the State's

argument that Caraway did not plead guilty for sixteen months, we note that the plea agreement was filed with the court on April 6, 2010, less than six months after the crime was committed, and there is no evidence in the record that Caraway entered his guilty plea on the eve of a trial.

Under the circumstances, we cannot say with confidence that the court would have imposed the same sentence had it acknowledged Caraway's guilty plea at sentencing. Accordingly, we remand to the trial court for resentencing so that the court can properly weigh the appropriate aggravators and mitigators.[3]

For the foregoing reasons, we reverse Caraway's sixty-five year sentence for murder and remand for resentencing.

Reversed and remanded.

KIRSCH, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent and part ways with the majority's view that the trial court "abused its discretion when it failed to acknowledge Caraway's guilty plea" as a mitigating factor. Op. at 853. Thus, I do not believe that resentencing is required in this instance.

The majority points out that the trial court identified Caraway's show of remorse as a mitigating factor. *Id.* at 849. In my view, the trial court's specific finding that Caraway showed "some remorse" for his actions, Tr. p. 28, encompasses his acceptance of responsibility for the crime that includes his decision to plead guilty to the offense. And our Supreme Court has

recognized that a guilty plea demonstrates the defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind.2005).

I also find it significant that Caraway did not plead guilty until nearly sixteen months after the crime was committed. And even after the guilty plea, Caraway attempted to excuse his actions by claiming that he "didn't remember the offense" because he was "drinking very heavily the night of the offense." Appellant's App. p. 58.

Finally, even if it could be said that the trial court should have specifically identified Caraway's guilty plea as a mitigating factor, it is apparent to me that his decision to plead guilty was merely a pragmatic one and was not an expression of remorse or acceptance of responsibility. More specifically, Caraway confessed that he shot his unarmed wife multiple times in the face and abdomen, killing her. *Id.* at 63. Caraway was alone at the house with his deceased wife, and the coroner determined that her wounds were not self-inflicted. *Id.* Given this evidence, it cannot be said that Caraway's guilty plea was significantly mitigating. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind.Ct.App. 2005) (holding that a guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one).

In short, I am convinced that the trial court would have imposed the same sentence, even though Caraway's decision to plead guilty might not have been specifi-

---

**3.** Because we conclude that the court abused its discretion in sentencing Caraway and remand for resentencing, we need not address his argument whether his maximum sixty-five

year sentence was inappropriate in light of the nature of the offense and the character of the offender.

cally identified as a mitigating circumstance. For all of these reasons, I would affirm the trial court's judgment in all respects.