**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Sep 04 2012, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NOBLE POTTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1112-CR-619 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-1005-FB-94

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Noble Potter was charged with residential burglary, a class B felony, and being an habitual offender. On the day he was scheduled for trial he entered a guilty plea to both charges. The court found his prior arrests, the nature and circumstances of the crime, and his probation and parole violations as aggravators. As the sole mitigator, it found that imprisonment may be a substantial hardship on his dependent children but also noted his pending criminal non-support charge. Finding that the aggravators outweighed the mitigator, it sentenced him to ten years on the burglary conviction enhanced by thirty years on the habitual offender determination for a total sentence of forty years. He appeals the severity of the sentence.

Potter contends the court failed to find a mitigating factor in his entry of a guilty plea. Entry of a guilty plea is not an automatic mitigator. *Caraway v. State*, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011), *trans. denied*. Here, the plea was not entered until the very day of trial and after pretrial depositions had been taken. Moreover, there was substantial evidence against Potter, including his confession. Therefore, the court was not bound to determine the plea was a significant mitigator. *See id.* ("A plea's significance is reduced if it is made on the eve of trial . . . or if substantial admissible evidence exists against the defendant."). Additionally, the court is not required to explain why it was not a mitigator. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

Potter also contends that the court abused its discretion when it found as aggravators his prior arrests, the nature and circumstances of the crime, and his probation and parole violations. As to his prior arrests, Potter's presentence investigation report

2

shows thirty-four contacts with the criminal justice system. Although a few of the charges had been dismissed and others were pending, the long history of arrests "reveal[s] to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State." *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991). Potter even concedes that a court may consider prior arrests when sentencing a defendant. *See* Appellant's Br. p. 12. The court did not abuse its discretion in finding this aggravator.

We next note that even if the court abused its discretion in finding the other aggravators, we may nonetheless affirm the sentence if we are confident that the court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *See Anglemyer*, 868 N.E.2d at 491. We do so here. Even if the court had abused its discretion in finding the other aggravators, we are confident that it would have imposed the same sentence without them.

In an earlier day, the balance of Potter's argument would have been characterized as challenging the weight to be given to the various factors in aggravation and mitigation. Since *Anglemyer*, however, that argument is unavailable. *See id.* He therefore uses his argument to address appellate review pursuant to Indiana Appellate Rule 7(B).

Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Potter bears the burden of persuading us that his sentence has met the inappropriateness standard of review. *See Anglemyer*, 868 N.E.2d at 494. Resolution of

the issue is based upon the nature of the offense and the character of the offender. *Id.* at 491.

The offense was a daylight burglary of a lady's residence. No one was injured. A number of items were taken, including televisions, cameras, gold jewelry, and firearms, many of which were later sold to a pawn shop. Also taken were ladies' undergarments. Imposition of the advisory sentence of ten years for the burglary appears reasonable.

Thus, the issue turns to the character of the offender. Potter's criminal career extends from 1993 in Kentucky and 1994 in Indiana. When entering his plea he admitted that all the allegations in the habitual offender charge were true. The charge listed eight felonies committed between 1993 and 2004. Those felonies included burglary, theft, and receiving stolen property, crimes similar in nature to the crime committed here. In addition his presentence investigation report disclosed pending charges against him for two counts of burglary and one count each of theft, forgery, receiving stolen property, criminal non-support, battery, and obtaining a drug by fraud. A thirty-year enhancement is authorized by the habitual offender statute. *See* Ind. Code § 35-50-2-8(h).

In sum, Potter has failed to persuade us that his sentence is inappropriate.

Affirmed.

RILEY, J., and MAY, J., concur.