## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 18 2015, 9:17 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Jaquin Washington,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 18, 2015

Court of Appeals Case No.
45A03-1501-CR-11

Appeal from the Lake County Superior Court;
The Honorable Salvador Vasquez, Judge;
45G01-1401-FA-4

**May, Judge.**

[1] Kenneth Jaquin Washington appeals his five-year sentence for Class C felony possession of cocaine.[1] As his sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] On April 3, 2013, Washington sold cocaine to a confidential informant. Washington was charged with three counts of Class B felony dealing in cocaine,[2] two counts of Class D felony possession of cocaine,[3] and one count of Class C felony possession of cocaine. Washington agreed to plead guilty to Class C felony possession of cocaine with a sentencing cap of six years. The remaining charges were dismissed.

[3] At sentencing, the trial court found as mitigators that Washington took responsibility and agreed to plead guilty. As aggravators, the trial court considered Washington's criminal history, which included two prior felony convictions involving cocaine, and it noted prior judicial leniency had no deterrent effect on Washington's behavior. The trial court sentenced Washington to five years in the Department of Correction.

## Discussion and Decision

[4] When a defendant enters a plea agreement but the trial court retains sentencing discretion, even within an agreed-upon cap, a defendant "is entitled to contest

---

[1] Ind. Code § 35-48-4-6(a)(b)(1)(A) (2006).

[2] Ind. Code § 35-48-4-1 (2006).

[3] Ind. Code § 35-48-4-6(a) (2006).

the merits of a trial court's sentencing discretion." *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996). We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a Class C felony is "a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6 (2005). Washington requests we reduce his five-year sentence to the advisory four years.

[6] Regarding the nature of his offense, Washington was contacted by a confidential informant wanting to purchase cocaine. Washington employed the services of third parties to be "his mules." (Tr. at 5.) He was trying to "ga[me] the system." (*Id.*) In this way, he sought to protect himself from prosecution.

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct.

App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Washington's criminal history includes felony convictions of dealing and possession of cocaine, along with various misdemeanors. Washington was sentenced to two years in a work release program for one felony and seven years in DOC for the other. Neither deterred him from reoffending.

[8] Washington's assertion that his cocaine addiction is a mitigator is not supported by the record. Washington states he uses cocaine only "in his cigarettes and smoke[s] it once a month." (App. at 70.)[4] Washington has not sought treatment despite two previous convictions involving cocaine. *See Caraway v. State,* 959 N.E.2d 847, 952 (Ind. Ct. App. 2011) (no error when trial court found as an aggravator that Caraway recognized addiction but did not seek treatment), *trans. denied.*

[9] Washington has not demonstrated his five-year sentence is inappropriate in light of his character and his offense. Accordingly, we affirm.

Crone, J., and Bradford, J., concur.

---

[4] Per Indiana Administrative Rule 9(G)(2)(b), the presentence investigation (PSI) report must be excluded from public access. We have included confidential information in this decision only to the extent it "is essential to the resolution" of Washington's claim on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c).