## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 03 2018, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James A. Geyman, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 3, 2018

Court of Appeals Case No.
39A05-1709-CR-2200

Appeal from the Jefferson Circuit Court.
The Honorable Darrell M. Auxier, Judge.
Trial Court Cause No.
39C01-1611-F3-1022

**Friedlander, Senior Judge**

[1] James Geyman appeals the sentence he received for his conviction of Level 4 felony possession of methamphetamine.[1] We affirm.

[2] Geyman presents one issue for our review, which we restate as: whether Geyman's sentence is inappropriate in light of the nature of the offense and his character.

[3] During a community corrections home visit in November 2016, officers found methamphetamine in Geyman's bedroom. Based upon this incident, Geyman was charged with possession of methamphetamine as a Level 3 felony. Pursuant to a plea agreement, Geyman subsequently pleaded guilty to Level 4 felony possession of methamphetamine and admitted to violating his probation in 39C01-1512-F6-1230 ("F6-1230") and 39C01-1605-F6-478 ("F6-478"). In exchange for his plea and admission, the State agreed to dismiss any other pending charges in the current case as well as all counts in 39C01-1612-CM-1150 ("CM-1150"). The parties left sentencing to the trial court but agreed to a cap of nine years on the total sentence for the current case as well as any time imposed for Geyman's violation of his probation in causes F6-1230 and F6-478. The court sentenced Geyman to six years executed. He now appeals.

[4] Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana

[1] Ind. Code § 35-48-4-6.1 (2014).

Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012 (Ind. Ct. App. 2014). In other words, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[5] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, the offense is a Level 4 felony, for which the advisory sentence is six years, with a minimum sentence of two years and a maximum sentence of twelve years. Ind. Code § 35-50-2-5.5 (2014). Geyman was sentenced to the advisory term of six years.

[6] Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we note that Geyman, while on probation

for other drug offenses, was in possession of at least ten grams of methamphetamine. Moreover, while his prior offenses were Level 6 felonies, his current offense was charged as a Level 3 felony, indicating an escalation in the nature of his criminal activity.

[7] With regard to the character of the offender, we observe that Geyman's criminal history, although spanning only one short year, is noteworthy. Just prior to committing this offense in November 2016, Geyman was convicted of Level 6 felony possession of methamphetamine in F6-1230 and Level 6 felony possession of methamphetamine in F6-478 in July 2016. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and proximity of prior offenses in relation to the current offense, as well as the number of prior offenses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. In summary, Geyman has two prior Level 6 felony convictions, both of which arise from his possession of methamphetamine—the same offense here—and all of which occurred within the span of a single year.

[8] In addition, Geyman was on probation at the time he committed the current offense. He had been given suspended sentences for his convictions in F6-1230 and F6-478 and was placed on supervised probation. He was serving these terms of probation when he committed the current offense. The defendant's commission of a further offense while on probation is a "substantial consideration" in our assessment of his character. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*; *see also* Ind. Code § 35-38-1-7.1(a)(6)

(2015) (stating that, in determining a defendant's sentence, court may consider fact that defendant recently violated conditions of probation as aggravating circumstance).

[9] We also note that, in its sentencing order, the trial court remarked that Geyman was on probation when he committed this offense, indicating he is not likely to respond affirmatively to an additional probationary period; the current offense involved a large amount of methamphetamine; Geyman had not accepted responsibility because, after giving a factual basis for the offense and pleading guilty, he subsequently claimed at his sentencing hearing to have no knowledge of the existence of the methamphetamine; and Geyman had ample opportunity to receive substance abuse treatment but did not avail himself of those opportunities.

[10] Indeed, while Geyman was aware of his methamphetamine addiction following his conviction of not one but two Level 6 felonies in July 2016, he chose not to seek treatment, although having agreed and being court-ordered to do so. *See Caraway v. State*, 959 N.E.2d 847 (Ind. Ct. App. 2011) (where defendant is aware of chemical dependency and chooses not to seek help, failure to do so can be considered aggravating factor), *trans. denied*.

[11] For the reasons stated, we conclude that Geyman's sentence is not inappropriate given the nature of the offense and his character.

[12] Judgment affirmed.

Robb, J., and Pyle, J., concur.