## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 10 2019, 6:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jennifer L. Koethe | Curtis T. Hill, Jr. |
| La Porte, Indiana | Attorney General of Indiana |
| | Lyubov Gore |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dallas Preston, | January 10, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-581 |
| v. | Appeal from the La Porte Circuit Court |
| State of Indiana, | The Honorable Thomas Alevizos, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 46C01-1706-F3-512 |

**Baker, Judge.**

[1] Dallas Preston appeals the sentence imposed by the trial court after he pleaded guilty to Level 3 felony aggravated battery. Preston argues that the trial court erred by failing to find two proffered mitigating factors. Finding no error, we affirm.

## Facts

[2] On June 4, 2017, Preston and some friends went out after work. They drank heavily and used cocaine. They met Maurice Edmond at a bar and took him with them to another party. Preston, Edmond, and Dusty Buren left the party together in Preston's vehicle. Preston blacked out and crashed the vehicle into a guardrail. At that point, Preston and Buren exited the vehicle and, in a blind rage, beat Edmond. Preston hit, struck, stomped, and kicked Edmond in the head. He injured Edmond's face, caused significant head trauma, and fractured Edmond's left eye socket, resulting in ocular nerve damage with full or partial loss of eyesight in the left eye. Preston and Buren then fled the scene, leaving Edmond on the ground.

[3] On June 7, 2017, Preston was charged with Level 3 felony aggravated battery. On December 1, 2017, Preston pleaded guilty as charged pursuant to a written plea agreement. At the February 2, 2018, sentencing hearing, Preston asked that the trial court find his history of substance abuse and mental illness as mitigating factors. The trial court declined, finding Preston's criminal history as an aggravator and his guilty plea as a mitigator. The trial court imposed an eleven-year sentence on Preston, who now appeals.

# Discussion and Decision

[4]     Preston's sole argument on appeal is that the trial court should have found his history of substance abuse and mental illness to be mitigating factors.[1] Preston has the burden of demonstrating that the mitigating evidence is both significant and clearly supported by the record. *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016). Even if we find error, we will affirm if we are persuaded that the trial court would have imposed the same sentence had it considered the proffered mitigators. *Id.*

[5]     The record does, indeed, show that Preston has a long and serious history of substance abuse. He has been addicted to alcohol since the age of eight, has regularly used marijuana since the age of thirteen, has been a cocaine addict since he was nineteen, and has been addicted to methamphetamine since the age of twenty-four. He has also abused prescription medication. Preston has previously been ordered to complete an alcohol treatment program, but there is no indication that he has, in fact, sought out or completed any treatment. He is well aware of his serious substance abuse issues but has not taken any steps to treat those issues. Under these circumstances, the trial court did not err by

---

[1] Preston cites to Indiana Appellate Rule 7(B) but does not make an argument that the sentence is inappropriate in light of the nature of the offense and his character. We note that even if he had made a Rule 7(B) argument, we would have affirmed the sentence, given the particularly brutal nature of the offense and Preston's lengthy criminal history, which includes multiple prior battery convictions.

He also argues that the trial court did not afford enough weight to his guilty plea as a mitigator, but we do not review the weight given to aggravators and mitigators by the trial court. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g. at* 875 N.E.2d 218.

declining to find this to be a mitigating factor. *See Caraway v. State*, 959 N.E.2d 847, 851 (Ind. Ct. App. 2011) (finding that when a defendant is aware of a substance abuse problem but has not taken steps to treat it, the trial court may find that the addiction is an aggravator).

[6] As for Preston's purported mental health issues, there is no evidence supporting his claim that he has been diagnosed with a myriad of issues aside from his own self-serving testimony. And even that testimony is contradicted by Preston's statements in the presentence investigation report, when he reported that he was in "fair mental health," and by his testimony that he was not being treated for or suffering from any mental illnesses or diseases. Appellant's Conf. App. Vol. III p. 12; Tr. Vol. II p. 3-4. In addition to a dearth of medical evidence supporting his claims of mental illness, Preston did not present any evidence showing that his purported mental health issues rendered him unable to control his behavior, limited his functioning, or had a nexus to the crime at issue. Therefore, the trial court did not err by declining to find this to be a mitigating factor.

[7] The judgment of the trial court is affirmed.

May, J., and Tavitas, J, concur.