## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2020, 7:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ralpheal Deleon Chambliss,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 24, 2020

Court of Appeals Case No.
19A-CR-2878

Appeal from the Lake Superior Court

The Honorable Diane Ross Boswell, Judge

Trial Court Cause No.
45G03-1705-F5-43

**Bailey, Judge.**

# Case Summary

[1] Ralpheal Deleon Chambliss ("Chambliss") appeals his sentence, following a plea agreement, for making a false statement on a criminal information form, a Level 6 felony.[1] We affirm.

# Issues

[2] Chambliss raises two issues on appeal which we restate as:

    I.      Whether the trial court abused its sentencing discretion in its finding of aggravating factors.

    II.     Whether Chambliss's sentence is inappropriate in light of the nature of the offense and Chambliss's character.

# Facts and Procedural History

[3] In March of 2017, Chambliss went into Westforth Sporting Goods in Gary, Indiana, with his nephew, Damon Hill, and the two shopped for guns. Hill chose three guns, and Chambliss and Hill left the store without purchasing anything. Later, Hill gave Chambliss money which Chambliss used in March of 2017 to purchase a J.A. T-380 Jimenez Arms handgun—one of the three guns Hill had chosen previously—at Westforth Sporting Goods. To purchase the gun, Chambliss was required to, and did, fill out and sign ATF Form 4473.

---

[1] Ind. Code § 35-47-2.5-12.

Chambliss indicated on the form that he was purchasing the gun for himself when, in fact, he was not.[2] On March 21, 2017, Hill used the gun purchased by Chambliss to shoot and kill C. B., one of Chambliss's other nephews.

[4] On March 30, 2017, Chambliss reported to the Merrillville Police Department that his handgun had been stolen. On April 6, 2017, the police asked Chambliss to give them a statement about his allegedly stolen gun. Chambliss agreed and first told the police that he had purchased the gun because he was a security guard and needed it for his employment. Chambliss then admitted that he had bought the gun for Hill.

[5] On May 2, 2017, the State charged Chambliss with use of false information to obtain a handgun, a Level 5 felony,[3] and false informing, a Class B misdemeanor.[4] On August 30, 2019, the charging information was amended to include a charge of making a false statement on a criminal history information form, a Level 6 felony. Chambliss subsequently entered into a written plea agreement with the State, under which he agreed to plead guilty to making a false statement on a criminal history information form, a Level 6 felony, in exchange for the State dismissing the other two counts against him. The plea agreement allowed for argument of the parties and capped the aggregate

---

[2] The form Chambliss signed is not in the record. However, Chambliss admits on appeal that he completed the form and indicated on it that "he was the intended recipient of the gun when in fact he was not." Appellant's Br. at 6.

[3] I.C. § 35-47-2-17.

[4] I.C. § 35-44.1-2-3(d)(1).

sentence that could be imposed by the trial court at a maximum of eighteen months. At the August 30, 2019, guilty plea hearing, Chambliss admitted to a factual basis for the Level 6 felony.

[6] At Chambliss's November 8, 2019, sentencing hearing, the trial court accepted Chambliss's guilty plea to the Level 6 felony false statement on a criminal history information form, and the State dismissed the other two counts. The trial court sentenced Chambliss to eighteen months in the Department of Correction, to be served in Lake County Community Corrections with initial placement in the Kimbrough Work Release Program. The trial court recognized the defendant's lack of criminal history to be a mitigating factor and "the nature and circumstances of the crime" to be an aggravating factor. Chambliss now appeals his sentence.

# Discussion and Decision

## Abuse of Discretion in Sentencing

[7] Chambliss maintains that the trial court erred in sentencing him.[5] Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is

---

[5] The State asserts that Chambliss has waived his sentencing challenge because he did not provide us with a record adequate to fully review the issues; specifically, it notes Chambliss did not file the transcript from the suppression hearing regarding police notes from an interview with Chambliss. However, Chambliss subsequently did provide that transcript, which did not contain information necessary to our review. We find no waiver here.

"clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any[ ]—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). So long as a sentence is within the statutory range, the trial court may impose it without regard to the existence of aggravating or mitigating factors. *Anglemyer*, 868 N.E.2d at 489. However, if the trial court does find the existence of aggravating or mitigating factors, it must give a statement of its reasons for selecting the sentence it imposes. *Id*. at 490. But the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *Gross*, 22 N.E.3d at 869, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court found it to be insignificant, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[8]     The sentencing range for a Level 6 felony is from six months to two-and-a-half years, with an advisory sentence of one year. I.C. § 35-50-2-7(b). The trial court imposed an eighteen-month sentence on Chambliss and, in its sentencing statement, found his lack of criminal history to be a mitigating factor and the nature and circumstances of his crime to be an aggravator. Specifically, as to the latter, the trial court stated it was an aggravating factor that Chambliss "was fully aware of his intentions to purchase a gun for someone who had a criminal history." Appealed Order at 1. Chambliss first contends that the court was not permitted to consider that aggravator as it was a "material element of the offense." Appellant's Br. at 9. However, the offense to which Chambliss pled guilty and for which he was convicted is only that he knowingly made a "materially false statement" on the form used to purchase a firearm. I.C. § 35-47-2.5-12. That offense does not specify what the false information must be. Therefore, the type of false statement made—i.e., that the gun was bought for the purchaser when in fact it was knowingly bought for someone else with a known criminal history—is not a material element of the crime of which he was convicted.

[9]     Chambliss next contends that there was no factual basis in the record to support the aggravator upon which the trial court relied; i.e., that he was aware he was purchasing a gun for someone who had a criminal history. However, the record shows that Hill gave Chambliss money to purchase a gun for Hill and Chambliss did so. From those facts the trial court could reasonably infer that Chambliss knew there was some reason why Hill legally could not purchase the

gun himself. The fact that Chambliss chose to purchase the gun for Hill despite that knowledge is a permissible aggravating factor supported by the record.[6] *See, e.g., Caraway v. State*, 959 N.E.2d 847, (Ind. Ct. App. 2011) (holding that, although a trial court may not use a material element of the offense as an aggravating circumstance, it may find the nature and circumstances of the offense to be an aggravating circumstance), *trans. denied*. And we will not weigh the relative weight or value the court decided to attribute to that permissible aggravating factor. *Gross*, 22 N.E.3d at 869. The trial court did not abuse its discretion in imposing the eighteen-month sentence that was within the statutory range for the crime committed.

# Appellate Rule 7(B)

[10] Chambliss contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in

---

[6] To the extent that aggravating circumstance was a material element of one of the dismissed charges against Chambliss, it is nevertheless permissible for the trial court to consider it. *See, e.g.*, *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (holding that, if a plea bargain lacks language limiting the facts a trial court can consider, it is not necessary for a trial court to "turn a blind eye to the facts of the incident that brought the defendant before them").

light of the nature of his offenses and his character."[7] Ind. Appellate Rule 7(B); *see also Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[11] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1224. The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v.*

---

[7] The parties disagree about whether this Court has interpreted Rule 7(B) as requiring a defendant to establish inappropriateness in light of both the nature of the offense and the character of the offender or only one of those two prongs. Different panels of this Court have reached different conclusions on that issue. *Compare, e.g.*, *Landske v. State*, 19A-CR-2528, 2020 WL 2479704, at *4 (Ind. Ct. App. May 14, 2020) (defendant must establish entitlement to relief under both prongs), *with, e.g.*, *Denham v. State*, 142 N.E.3d 514, 517 (Ind. Ct. App. 2020) (defendant need only establish entitlement to relief under one prong). However, we do not address that conflict as Chambliss has failed to establish that he is entitled to relief under either prong of Rule 7(B).

*State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[12]     Chambliss contends that the nature of his offense does not support his one-and-a-half-year sentence. We disagree. When considering the nature of the offense, we look at the defendant's actions in comparison to the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018). Not only was Chambliss's underlying offense a crime of dishonesty, but he continued to lie after the fact by reporting the gun as stolen from him and telling the police he had bought the gun for himself for his work. And there is no compelling evidence showing any particular restraint in the commission of Chambliss's crime or otherwise casting the offense in a better light. Rather, Chambliss lied on a required firearm form and knowingly helped a person who could not otherwise legally obtain a weapon obtain a gun. Furthermore, the "damage done to others" as an ultimate consequence of Chambliss's crime was death. *Cardwell*, 895 N.E.2d at 1224. That is, Hill used the gun Chambliss bought him to kill a person. We see nothing in the nature of this offense that suggests the sentence—which is within the statutory boundaries and is a year less than the maximum sentence allowed—is too harsh for the crime committed.

[13] Chambliss also maintains that the sentence is inappropriate in light of his character. However, Chambliss has shown himself to be a dishonest person, both in the offense for which he was convicted and in his later actions attempting to cover up his crime. Moreover, Chambliss was given the opportunity for pre-trial work release rather than incarceration, but that placement was revoked for his failure to abide by the work release program rules on three separate occasions within a thirty-day period of time. Chambliss's dishonesty and repeated failure to follow rules of the work release program reflect poorly on his character.

[14] Although Chambliss points out that he is married, a father, and employed, he has not pointed to evidence compelling enough to overcome the deference we owe to the trial court regarding its sentence. *Stephenson*, 29 N.E.3d at 122.

## Conclusion

[15] The trial court did not abuse its discretion when it sentenced Chambliss to an eighteen-month sentence that was within the statutory range for the crime he committed. And his sentence is not inappropriate given the nature of his offense and his character.

[16] Affirmed.

Crone, J., and Altice, J., concur.