**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK OLIVERO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARLANDAS A. ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A05-1202-CR-72 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-0906-FC-62

**September 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Arlandas A. Anderson appeals his eight-year sentence for class C felony nonsupport of a dependent child, claiming that the trial court erred in considering mitigating and aggravating factors and that his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

**Facts and Procedural History**

Anderson is the biological father of F.S., who was born in 1994. A default paternity judgment and a support order were entered against him. Tr. at 6-7, 32. On June 12, 2009, the State charged Anderson with class C felony nonsupport of a dependent child, alleging that from December 1998 through December 2008 he knowingly failed to pay support to F.S., "the amount of unpaid support due and owing being in excess of $15,000.00." Appellant's App. at 11. At a pretrial hearing on September 28, 2010, Anderson requested genetic testing, which established that he was F.S.'s biological father. Anderson failed to appear at a pretrial hearing set for July 12, 2011, and the State charged him with class D felony failure to appear. On July 19, 2011, Anderson pled guilty to the nonsupport charge without a written plea agreement, and the State agreed to dismiss the failure to appear charge. The trial court ordered Anderson to schedule an interview with a probation officer for the presentence investigation report ("PSI") and set the sentencing hearing for August 16, 2011. According to the PSI, Anderson failed to attend the scheduled interview.

At the August 16 hearing, Anderson expressed dissatisfaction with his appointed counsel and asked to withdraw his guilty plea. The trial court denied Anderson's request.

2

The court determined that Anderson's arrearage was over $27,000, that he had accumulated twenty-six misdemeanor convictions at age forty, that he was employed as a maintenance worker in Fort Wayne, and that he had been making support payments. The court reset the sentencing hearing for September 27, 2011, "to see if [Anderson keeps] a job and keep[s] paying support." Tr. at 27. Once again, Anderson did not attend the hearing, and the State charged him with another count of class D felony failure to appear. The sentencing hearing was reset for January 17, 2012.

On that date, the State agreed to dismiss the second failure to appear count, and the court sentenced Anderson as follows:

> Mr. Anderson, I'm not gonna ignore your criminal history that takes up at least nine pages of your presentence report is your criminal history, which is something the court simply can't ignore, and this $27,000.00 arrearage is something the court can't and will not ignore. But I'll give you the opportunity to show to the court through assignment to work release that you can work and pay your support and if things go well, seek a release from that work release facility in the future. I will find aggravating circumstances to be your criminal history. Number two, your history of substance abuse. Number three, your history of violating the terms of suspended sentence. Number four, that you have been uncooperative in the investigation of this report. By that I mean the presentence report. Find no mitigators. Find that the maximum sentence for a class C felony is entirely appropriate here. I will sentence you to the full eight-year sentence. I will order four years of that sentence to be served and four years suspended. The four years to be served will be at the Whitley County Jail. If you are approved for work release, I will assign you to work release. Also, I'll authorize that work release be transferred to the Allen County Work Release Facility so that you can, hopefully, continue your employment in Fort Wayne…. We'll note that there is an arrearage of $27,096.33 as of January 14, 2012.

*Id*. at 33-34. Anderson now appeals.

3

## Discussion and Decision

"Indiana trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense." *Richardson v. State*, 906 N.E.2d 241, 243 (Ind. Ct. App. 2009).

> The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

*Id*. (emphasis and citation omitted).

Anderson challenges the trial court's consideration of aggravating and mitigating circumstances and also contends that his sentence is inappropriate in light of the nature of the offense and his character. Subject to our authority to review and revise sentences pursuant to Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

> An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. A trial court may abuse its discretion in sentencing by failing to enter a sentencing statement, entering a sentencing statement that explains reasons for imposing a sentence which the record does not support, omitting reasons that are clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law.

*Anderson v. State*, 961 N.E.2d 19, 32 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*.

The weight given to particular aggravators and mitigators is not subject to appellate review.

*Patterson v. State*, 909 N.E.2d 1058, 1062 (Ind. Ct. App. 2009).

4

### *I. Mitigating and Aggravating Circumstances*

Anderson first contends that the trial court abused its discretion by "ignoring" several mitigating factors. Appellant's Br. at 10. We have explained that

> [t]he finding of mitigating factors is not mandatory and rests within the discretion of the trial court. The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. Nor is the court required to give the same weight to proffered mitigating factors as the defendant does. Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. However, the trial court may not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record.

*Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007) (citations and quotation marks omitted), *trans. denied* (2008).

To the extent Anderson suggests that the trial court should have found his guilty plea to be a mitigator, we note that "a guilty plea is not always a significant mitigating circumstance." *Caraway v. State*, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011), *trans. denied* (2012). A plea's significance is reduced "if the circumstances indicate the defendant is not taking responsibility for his actions, or if substantial admissible evidence exists against the defendant. Also, the plea may not be significant when the defendant receives a substantial benefit in return for the plea." *Id.* (citation and quotation marks omitted). Here, Anderson challenged his paternity, tried to withdraw his guilty plea, failed to attend the PSI interview, and then failed to appear at the sentencing hearing. Moreover, the amount of his substantial arrearage was undisputed, and the State agreed to dismiss two class D felony failure to

5

appear charges, which was a substantial benefit to Anderson. Under these circumstances, we cannot say that the trial court abused its discretion in not finding Anderson's guilty plea to be a significant mitigator.

Anderson also contends that the trial court should have found his numerous misdemeanor convictions, most of them from Nevada, to be a mitigating circumstance because they "were a result of [his] homelessness, drug addictions and having to sleep on park benches." Appellant's Br. at 11. The State observes that "because Anderson refused to cooperate in the PSI, his claims about his homelessness are just that – self-serving claims," and are "therefore not clearly supported by the record." Appellee's Br. at 7. The State also observes that "[a] history of substance abuse may constitute a valid *aggravating* factor," *Roney v. State*, 872 N.E.2d 192, 199 (Ind. Ct. App. 2007) (emphasis added), *trans. denied*, and that there is no evidence that Anderson ever sought treatment for his addiction. As such, we find no abuse of discretion. *See Caraway*, 959 N.E.2d at 852 (concluding that trial court did not abuse its discretion in finding defendant's "alcohol abuse and failure to obtain treatment to be an *aggravator*.") (emphasis added).

Next, Anderson asserts that the trial court should have given mitigating consideration to "the fact that he obtained employment … and was paying support continuously after having been asked by the Court to do so since the beginning of August of 2011." Appellant's Br. at 11. Anderson neglects to mention that he had failed to pay support for over ten years, and we see no reason why the trial court should have granted him leniency for doing what he should have done in the first place. *See Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct.

6

App. 2003) ("Many people are gainfully employed such that this would not require the trial court to note it as a mitigating factor or afford it the same weight as [the defendant] proposes."), *trans. denied* (2004). We find no abuse of discretion here.[1]

Finally, Anderson appears to suggest that the trial court abused its discretion in finding his criminal history to be an aggravating factor because many of the charges against him were dismissed, did not result in convictions, or had unknown dispositions.[2] He observes that our supreme court has said that "[c]harges that do not result in convictions may be considered by the sentencing court in context, but something more than mere recitation unaccompanied by specific allegations should be shown." *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007). Any error in the trial court's consideration of such charges in this case is substantially offset by Anderson's twenty-six misdemeanor convictions, which range from criminal mischief and battery in Indiana to trespassing and possession of drug paraphernalia in Nevada. Even Anderson's counsel properly conceded that his client has "a terrible criminal history," Tr. at 29, and the trial court properly found it to be an aggravating

---

[1] Anderson also contends for the first time on appeal that the trial court abused its discretion in failing to find other mitigating factors, such as that "the crime did not cause or threaten serious harm to any persons or property." Appellant's Br. at 11. Anderson has waived consideration of any mitigating circumstances not raised at the sentencing hearing. *See Simms v. State*, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003) ("If the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."). In any event, as the State points out, "[b]y definition, nonsupport of a child does not include serious harm to any person or property as a material element of the crime, and, therefore, the trial court was not obliged to give this factor any mitigating weight." Appellee's Br. at 9 (citing Ind. Code § 35-46-1-5(a) and *Banks v. State*, 841 N.E.2d 654, 659 (Ind. Ct. App. 2006), *trans. denied*).

[2] The PSI states that Anderson's criminal history was "a list of all offenses reported to or found by the Whitley County Probation Department. Some agencies were not willing to release records without monetary compensation, in which, those records were not collected." Appellant's App. at 79.

circumstance. In sum, we find no abuse of discretion in the trial court's consideration of mitigating and aggravating circumstances.

## II. *Appropriateness of Sentence*

Anderson asks us to reduce his sentence pursuant to Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "[W]e look to whether the sentence is composed of executed imprisonment time, in whole or in part, or includes any alternatives to incarceration when performing 7(B) analysis." *Hollar v. State*, 916 N.E.2d 741, 744 (Ind. Ct. App. 2009). The defendant bears the burden of persuading us that his sentence is inappropriate. *Anglemyer*, 868 N.E.2d at 494.

"Regarding the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Ludack v. State*, 967 N.E.2d 41, 48 (Ind. Ct. App. 2012) (citation and quotation marks omitted), *trans. denied*. The sentencing range for a class C felony is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. A person commits class C felony nonsupport of a dependent child by knowingly or intentionally failing to provide support to the person's

dependent child and if the total amount of unpaid support that is due and owing for one or more children is at least $15,000. Ind. Code § 35-46-1-5(a).

Here, Anderson knowingly failed to support his daughter for over ten years and accrued an arrearage of over $27,000. Anderson claims that "[t]he reason he had accrued such an arrearage was the fact that he had been homeless for a period [of] time and unable to make payments as required." Appellant's Br. at 13. Anderson's purported homelessness was supposedly due to a drug addiction, for which he failed to seek treatment. In other words, as the State puts it, Anderson "chose to purchase drugs instead of supporting his daughter," which he "was legally required to do." Appellee's Br. at 7. Clearly, the nature of his offense supports a sentence above the advisory term.

As for Anderson's character, he has an extensive criminal history that includes twenty-six misdemeanor convictions, and he failed to comply with the conditions of a suspended sentence on numerous occasions. He failed to appear at several hearings in this case and also failed to attend his PSI interview. Although it is commendable that Anderson recently found employment and began to reduce his sizable support arrearage, he has a long history of failing to comply with the law and his child support obligation. The trial court's sentence of four years of work release and four years suspended will allow Anderson to fulfill that obligation and demonstrate his ability to function as a productive member of society, while under court supervision. Anderson has failed to persuade us that his sentence is inappropriate, and therefore we affirm.

9

Affirmed.

RILEY, J., and BAILEY, J., concur.