**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2014, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY LEE DUCKWORTH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1307-CR-582 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1209-FB-1746

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Terry Lee Duckworth appeals his three year sentence for Class D felony sexual battery.[1] As the sentence was not inappropriate in light of his character and the nature of the offense, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 6, 2012, Duckworth met M.H. on the street in Anderson. They walked back to M.H.'s apartment, where Duckworth made sexual advances and touched M.H. without her consent.

The State charged Duckworth with Class B felony attempted rape[2] and Class B felony criminal deviate conduct,[3] and Duckworth agreed to plead guilty to Class D felony sexual battery. In exchange for Duckworth's guilty plea, the State agreed to dismiss the charges of attempted rape and criminal deviate conduct, and it agreed not to file additional charges of Class D felony residential entry,[4] Class D felony criminal confinement,[5] and being a habitual offender.[6] The trial court found Duckworth's three prior felonies to be an aggravating factor and found Duckworth's guilty plea to be the only mitigating factor. After weighing these factors, the trial court imposed the maximum sentence of three years.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008)

---

[1] Ind. Code § 35-42-4-8.
[2] Ind. Code § 35-42-4-1(a) (rape); Ind. Code §35-41-5-1 (attempt).
[3] Ind. Code § 35-42-4-2(a).
[4] Ind. Code § 35-43-2-1.5.
[5] Ind. Code § 35-42-3-3(a).
[6] Ind. Code § 35-50-2-8.

2

(citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *abrogated on other grounds, Bethea v. State,* 983 N.E.2d 1134, 1145 (Ind. 2013). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemeyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g on other grounds,* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Class D felony is six months to three years, with an advisory sentence of eighteen months. Ind. Code § 35-50-2-7. Duckworth asserts there is "nothing about the manner in which the crime in this case was committed which makes it more egregious than other sexual batteries." (Br. of Appellant at 3). According to the victim impact statement, this sexual battery occurred in the presence of the victim's very young child. It also resulted in two Class B felony charges, each of which could have carried a sentence of twenty years, if Duckworth had not pled guilty. These facts lead us to believe a three-year sentence is not inappropriate based on the nature of this sexual battery.

Regarding a defendant's character, one relevant fact is his criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Duckworth had three prior felony convictions, including a second degree burglary in 1964, attempted escape in 1979,

3

and intimidation as a Class D felony in 2007. In addition, he had a conviction for misdemeanor resisting law enforcement in 2007. Due to his violation of probation in the 2007 case, Duckworth served his suspended sentence and was released from the Department of Correction only three months prior to committing the current crime.

Another factor relevant to a defendant's character is his remorse or his lack thereof. *Deane v. State*, 759 N.E.2d 201, 205 (Ind. 2001). The trial court explicitly noted Duckworth's lack of remorse, and we concur in the court's assessment because, even after pleading guilty, Duckworth continued to denigrate the victim and deny culpability. At one point during the sentencing hearing, Duckworth tried to withdraw his guilty plea. These facts do not reflect well on his character.

Based on Duckworth's character and the nature of his offense, we cannot say his three-year sentence was inappropriate. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J. and RILEY, J., concur.