# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2016, 5:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Moore, *Appellant-Defendant,* | April 13, 2016 |
| | Court of Appeals Case No. 16A05-1509-CR-1530 |
| v. | Appeal from the Decatur Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Matthew D. Bailey, Judge |
| | Trial Court Cause No. 16D01-1502-F4-108 |

**Altice, Judge.**

**Case Summary**

[1] Following a guilty plea, Thomas Moore was convicted of two counts of Level 5 felony Fraud on a Financial Institution, one count of Level 5 felony Criminal Conversion, two counts of Level 6 felony Theft, one count of Level 6 felony Possession of Methamphetamine, and one count of class B misdemeanor Possession of Marijuana. He also admitted to being a habitual offender. Moore received an aggregate sentence of twelve years, with one year suspended to probation. On appeal, Moore argues that his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On February 24, 2015, Moore was captured on surveillance video entering the home of his ninety-one-year-old grandfather, Paul Ricke. Upon entering the home, Moore stole several checks from his grandfather's checkbook. He then entered the bedroom where his grandfather was sleeping and stole cash from his wallet. Moore then stole Ricke's van and drove to Ricke's bank, where he cashed a forged check for $500. Moore was arrested the next day when he attempted to cash another forged check for nearly $2000. When Moore was arrested, police found marijuana and methamphetamine in the stolen van.

[4] The State charged Moore with multiple offenses, and he ultimately agreed to plead guilty to the charges set forth above. In exchange for Moore's guilty plea, the State agreed to dismiss an additional Level 4 felony burglary charge. Pursuant to the plea agreement, all sentences were to be served concurrently and Moore was to receive an aggregate sentence between ten and twelve years,

with the decision to suspend any portion of the sentence left to the trial court's discretion. In accordance with the plea agreement, the trial court sentenced Moore to six years for each of his Level 5 felony convictions. The court enhanced one of those convictions by six years, with one year suspended to probation, based on the habitual offender adjudication. Also in accordance with the plea agreement, the trial court sentenced Moore to twenty-six months for each of his Level 6 felony convictions and one hundred eighty days for his class B misdemeanor conviction, and ordered that all sentences were to run concurrently. Thus, Moore received an aggregate sentence of twelve years with one year suspended to probation. Moore now appeals.

### Discussion & Decision

[5] Moore argues that his sentence is inappropriate. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Robinson bears the burden on appeal of persuading us that his sentence is inappropriate. *See id.*

[6] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Additionally, "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[7] Moore was convicted of three Level 5 felonies,[1] three Level 6 felonies,[2] and one class B misdemeanor,[3] and he was adjudicated a habitual offender.[4] Pursuant to the terms of the plea agreement, the applicable sentencing range was ten to twelve

---

[1] The statutory range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b).

[2] The statutory range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7(b).

[3] The maximum sentence for a class B misdemeanor is 180 days. I.C. § 35-50-3-3.

[4] Because the habitual offender enhancement was attached to a Level 5 felony conviction, the applicable enhancement range was two to six years. See I.C. § 35-50-2-8.

years, and the decision to suspend any portion of the sentence was left to the trial court's discretion. The trial court imposed an aggregate sentence of twelve years with one year suspended to probation.

[8] Considering the nature of the offenses, we note that Moore victimized his elderly grandfather by entering his home while he was asleep and stealing checks, cash, and his van. Moore successfully cashed one forged check and was arrested while attempting to cash a second check the next day. Moreover, Moore possessed marijuana and methamphetamine at the time of these offenses. The nature of the offenses in this case is contemptible and supports the imposition of an enhanced sentence.

[9] Considering the character of the offender, we note that Moore has a lengthy criminal history, which would be sufficient standing alone to justify the sentence imposed. Thirty-one-year-old Moore has amassed seven felony convictions, six of which involve theft, fraud, or forgery. At his sentencing hearing, Moore testified that in his adult life, the longest he has gone without serving time on an offense was one year. Although we acknowledge that Moore apparently has a substance abuse problem, Moore admitted that he has undergone court-ordered treatment in the past but that he did not put effort into those programs and that he has never voluntarily sought out treatment for himself. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) (holding that substance abuse may be considered an aggravating circumstance where the defendant is aware of his addiction and does not seek treatment), *trans. denied*. Under these facts and

circumstances, we cannot conclude that Moore's twelve-year aggregate sentence, with one year suspended to probation, was inappropriate.

[10] Judgment affirmed.

[11] Bailey, J. and Bradford, J., concur.