## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2019, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Damon Guy Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 2, 2019

Court of Appeals Case No.
19A-CR-1178

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-1703-F5-31

**Baker, Judge.**

[1] Damon Guy Hill appeals the sentence imposed by the trial court after he pleaded guilty to Level 5 Felony Reckless Homicide.[1] Hill argues that (1) the trial erred by relying on improper sentence aggravators; and (2) the sentence should be revised in light of the nature of the offense and Hill's character. Finding no reversible error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On March 21, 2017, Hill and his cousin, Corey Brazelton, were at Hill's mother's house in Gary with some friends. Hill and the others were smoking marijuana and listening to music. While listening to music, Hill pulled out a handgun and began dancing with the gun in his hand. As he danced, Hill accidentally discharged the gun and fatally shot Corey in the chest. Hill initially told police that Corey had been shot during a drive-by shooting, but eventually admitted that he had shot Corey on accident.

[3] On March 23, 2017, the State charged Hill with Level 5 felony reckless homicide and Level 6 felony criminal recklessness. On April 20, 2018, the State amended the charging information to include a firearm enhancement, alleging that both the reckless homicide and criminal recklessness had been committed with a firearm. On February 15, 2019, Hill pleaded guilty to reckless homicide

---

[1] Ind. Code § 35-42-1-5.

pursuant to a plea agreement, which also provided that the State would dismiss the criminal recklessness charge and the firearm enhancement.

[4] At a sentencing hearing on April 26, 2019, the trial court sentenced Hill to a five-year sentence, with four years executed at the Department of Correction and one year suspended to formal probation. In determining Hill's sentence, the trial court found as aggravating factors the nature and circumstances of the crime, Hill's attempt to lie and conceal the crime, Hill's contemporaneous use of marijuana, and Hill's possession of a handgun without a license. As mitigating factors, the trial court noted Hill's lack of criminal history and that he pleaded guilty; however, it did not consider Hill's limited criminal history to be a significant mitigating factor because "one would not expect any individual of Mr. Hill's age to have a significant criminal history." Tr. Vol. III p. 35.[2] Hill now appeals.

## Discussion and Decision

## I. Aggravators

[5] Hill first argues that the trial court erred in the sentencing process. Specifically, he challenges each of the sentence aggravators and argues further that the trial court improperly "used the elements of the offense to aggravate Hill's sentence without a corresponding finding that the elements were particularly heinous,"

---

[2] At the time of the incident, Hill was twenty-one years old.

appellant's br. p. 8, and that the court relied on facts not supported by the record.

[6] Sentencing decisions are within the sound discretion of the trial court and we thus afford great deference to the trial court's judgment. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. The trial court must enter a sentencing statement that includes "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* The trial court may err in its sentencing process if, among other things, it relies on aggravators not supported by the record or are improper as a matter of law. *Id.* at 490-91. We will not review the relative weight the trial court gave to any properly found aggravators or reasons. *Id.* at 491.

[7] The trial court articulated the following aggravating circumstances in its sentencing statement:

1. The Court finds the nature and circumstances of the crime to be a significant aggravating factor in that [Hill] shot the victim, his cousin, while in the process of smoking a marijuana blunt, dancing and waving a handgun at the victim. The victim died. [Hill] attempted to conceal his involvement in the crime by resorting to lies and subterfuge with the police. Specifically, [Hill] initially told police that his cousin was shot by a drive-by assailant. The Court finds [Hill's] efforts to conceal the crime to be a significant aggravating factor.

2. The Court also finds that [Hill's] act of smoking marijuana, an illegal substance, to also be an aggravating factor. Finally the Court finds that the defendant was in possession of a

handgun without a license at the time of the commission of the offense.

Appealed Order p. 1.

# A. Nature and Circumstances of the Crime

[8] The nature and circumstances of a crime is generally considered to be a valid aggravating factor for the trial court to use in sentencing. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). In doing so, the court must explain "what about this crime was worse than a typical [offense]"—meaning here, it must explain what about Hill's offense was worse than a typical Level 5 felony reckless homicide. *Smith v. State*, 872 N.E.2d 169, 178-79 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-1-7.1(a) (providing that in imposing a sentence, the trial court may consider as an aggravating circumstance whether "[t]he harm, injury, loss, or damage suffered by the victim of an offense was . . . greater than the elements necessary to prove the commission of the offense"). The trial court may not, however, use a material element of the offense as an aggravating circumstance, *Caraway v. State*, 959 N.E.2d 847, 850 (Ind. Ct. App. 2011), which Hill argues the trial court did here.

[9] In its sentencing statement, the trial court specified that the nature and circumstances were significantly aggravating because Hill "shot the victim . . . while in the process of smoking a marijuana blunt, dancing and waving a handgun at the victim." Appealed Order p. 1. At the sentencing hearing, the trial court further explained:

> This doesn't make sense. Whatever the relationship was between these two men it was destroyed in a split second because they were getting high and playing with a gun. That is absolutely outrageous. That's crazy. That doesn't make sense. And so the outcome is equally nonsensical. The gun goes off and someone dies. So incredibly tragic. So incredibly deadly. And so incredibly reckless.

Tr. Vol. III p. 37. Though the trial court mentions recklessness and the death of the victim in its reasoning,[3] it did not improperly rely on those elements of the offense in determining that the nature and circumstances was an aggravating factor; instead, we find that the trial court was merely explaining why this crime was worse than a typical Level 5 felony reckless homicide.

# B. Concealment

[10] Hill also argues that his initial effort to conceal the crime should not have been found to be an aggravator because he "almost immediately recanted" and confessed to the police. Appellant's Br. p. 14. But the fact remains that Hill, despite eventually coming forward with the truth, "initially resorted to lies and subterfuge in order to conceal the crime" by telling police it was a drive-by shooting. Tr. Vol. III p. 35. We agree that this "initially frustrated the efforts of law enforcement to solve a crime," *id.*, and find no error in the trial court's conclusion that it was an aggravating factor.[4] If anything, the trial court already

---

[3] A person who commits reckless homicide "recklessly kills another human being." I.C. § 35-42-1-5.

[4] The State correctly points out that a person who "gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or

accounted for Hill's later confession by finding his admission via plea agreement to be a mitigating circumstance.

## C. Marijuana Use

[11] Hill next contends that his marijuana use at the time of the offense was not an appropriate aggravating circumstance. Hill focuses his argument on whether using marijuana had a causal effect on or contributed in some form to Corey's death. Regardless, the fact remains that Hill was using marijuana, an illegal substance, at the time of the offense. The trial court did not err in determining that Hill's marijuana use was an aggravating circumstance.

## D. Possession of Handgun Without a License

[12] Lastly, Hill challenges the trial court's finding that Hill possessed a handgun without a license to be an aggravating circumstance, arguing that this aggravator is improper as a matter of law because he was not legally required to possess a license at the time of the incident and that there is no support in the record for this aggravator. We agree. Though a license is typically required to carry a handgun, a person may carry a handgun without a license if "the person carries the handgun . . . on property that is owned, leased, rented, or otherwise legally controlled by the person," or if the person carries the gun "on property that is owned, leased, rented, or otherwise legally controlled by another person,

---

information to be false" commits a Class B misdemeanor, Ind. Code § 35-44.1-2-3, which further supports our conclusion that the trial court's finding of Hill's false report to be an aggravator was appropriate.

if the person . . . has the consent of the owner, renter, lessor, or person who legally controls the property to have the handgun on the premises." Ind. Code § 35-47-2-1(b)(1), (2).

[13] Here, the record shows that Hill was not licensed to carry a handgun, but at the time of the offense, he was in his mother's home, and his mother was aware he had the gun in her home. *See* Tr. Vol. III p. 8-9. In its sentencing statement, the trial court explained that the aggravating circumstance was Hill's "possession of a handgun without a license *at the time* of the commission of the offense," appealed order p. 1 (emphasis added), not his potentially unlicensed possession of a gun in the days or weeks leading up to the incident, outside the setting of Hill's mother's home. Nothing in the record establishes that Hill carried the handgun illegally at the time the offense occurred. As such, we agree that it was improper for the trial court to find this to be an aggravating circumstance.

[14] Even though the trial court committed error with respect to this aggravator, there are still multiple valid aggravating circumstances that support the trial court's sentencing judgment. "A sentence enhancement may still be upheld when a trial court improperly applies an aggravator but other valid aggravators exist." *Cox v. State*, 780 N.E.2d 1150, 1156 (Ind. Ct. App. 2002). And even if we do find an aggravator to be improper, we will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Given the presence of multiple valid aggravators and the fact that the unlicensed possession aggravator was not

indicated as "significant," we find that the trial court would have imposed the same sentence even without the challenged aggravator and that Hill is not entitled to resentencing on this basis.

# II. Appropriateness

Hill's second argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a statutorily authorized sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting this review, "substantial deference" must be given to the trial court's decision, "since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

For Level 5 felony reckless homicide, Hill faced a term of one to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b). The trial court imposed a five-year sentence, with four years executed at the Department of Correction and one year suspended to formal probation.

With respect to the nature of the offense, we again note that Hill was smoking marijuana while dancing and waving a gun around in front of his cousin when the gun discharged. Hill then lied to police about what happened, changing his

story only once confronted with conflicting statements given by his family. The trial court also emphasized the impact the offense had on Hill's and Corey's family, noting that it had "shatter[ed] [the] family" and was simply "nonsensical" and "tragic." Tr. Vol. III p. 36-37. Even Hill admitted that Corey had been "like [his] little brother," *id.* at 34, further exacerbating the overall tragedy of the crime.

[18] With respect to Hill's character, we recognize that Hill had no history of criminal convictions and admitted guilt via a plea agreement. Hill admits that he began smoking marijuana at age twelve, and that since age thirteen or fourteen he smoked marijuana every day until when he was arrested for the present offense at age twenty-one. *See, e.g.*, *Cook v. State*, 119 N.E.3d 1092, 1098 (Ind. Ct. App. 2019) (noting defendant's daily marijuana use for several years up to the time of the murder offense at issue as relevant to defendant's character in 7(B) analysis). Hill also began drinking alcohol at age fifteen and continued to do so every day until he was arrested.

[19] We agree that the above circumstances and aspects of Hill's character are by no means the worst of the worst—but the trial court recognized as much when it chose to not impose the maximum sentence and ordered that a portion of the sentence will be suspended to probation. We do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offense and Hill's character.

The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.